BORIS FELDMAN, State Bar No. 121569
JEROME F. BIRN, JR., State Bar No. 128561
BENJAMIN M. CROSSON, State Bar No. 247560
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: boris.feldman@wsgr.com
Email: jbirn@wsgr.com
Email: bcrosson@wsgr.com

Attorneys for Defendants TrueCar, Inc., Scott Painter, Michael Guthrie, Abhishek Agrawal, Todd Bradley, Robert Buce, Christopher Claus, Steven Dietz, Thomas Gibson, John Krafcik, John Pierantoni, and Ion Yadigaroglu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NING SHEN AND WILLIAM FITZPATRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUECAR, INC., SCOTT PAINTER, MICHAEL GUTHRIE, ABHISHEK AGRAWAL, TODD BRADLEY, ROBERT BUCE, CHRISTOPHER CLAUS, STEVEN DIETZ, THOMAS GIBSON, JOHN KRAFCIK, JOHN PIERANTONI, ION YADIGAROGLU, GOLDMAN, SACHS & CO., J.P. MORGAN SECURITIES LLC, RBC CAPITAL MARKETS, LLC, COWEN AND COMPANY, LLC, JMP SECURITIES LLC and MORGAN STANLEY & CO., LLC,<br><br>Defendants. | CASE NO.: 2:15-CV-06270<br><br>**Notice of Removal** |

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
2    THE CENTRAL DISTRICT OF CALIFORNIA:
3    PLEASE TAKE NOTICE that defendants TrueCar, Inc. ("TrueCar"), Scott
4    Painter, Michael Guthrie, Abhishek Agrawal, Todd Bradley, Robert Buce,
5    Christopher Claus, Steven Dietz, Thomas Gibson, John Krafcik, John Pierantoni,
6    Ion Yadigaroglu (collectively, the "TrueCar Defendants") hereby remove to this
7    Court the state court action described below:

### Background

8 

9    1.   On July 27, 2015, prior to filing the state court case that is being
10   removed to this Court, Plaintiffs Shen and Fitzpatrick and their counsel filed a
11   motion seeking to be appointed lead plaintiff in an action pending in this Court,
12   *Mahapatra v. TrueCar, Inc.*, No. 15-cv-03979-R-PJW, that arises out of the same
13   facts and circumstances. On July 31, 2015, when it was apparent that they would
14   not be appointed lead plaintiff because they did not allege the largest loss,
15   plaintiffs Shen and Fitzpatrick and their counsel withdrew their motion.

### Basis for Removal Jurisdiction

16 

17   2.   On August 11, 2015, Plaintiffs Shen and Fitzpatrick and their counsel
18   filed a class action complaint ("Complaint") in the Superior Court of California for
19   the County of Los Angeles (the "Superior Court"), *Ning Shen and William*
20   *Fitzpatrick v. TrueCar, Inc.*, No. BC 590999. A copy of the complaint and the
21   related Civil Cover Sheet is attached as Exhibit A.
22   3.   On August 11, 2015, the TrueCar Defendants, by and through their
23   counsel, became aware of and obtained a copy of the Complaint.
24   4.   This action is removable under 28 U.S.C. § 1441(a) because the
25   Complaint alleges claims that arise solely under Sections 11 and 15 of the
26   Securities Act of 1933, 15 U.S.C. 77a *et seq.*, Pub. L. No. 73-22, 48 Stat. 74
27   (1933). Complaint ¶ 11.
28

5. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court is located within the Western Division of this District. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because a claim under the Securities Act of 1933 "aris[es] under the Constitution, laws, or treaties of the United States."

7. The state court does not have concurrent jurisdiction over this case. Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), contains the jurisdictional provision for claims brought pursuant to that Act, which provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act] . . . and, concurrent with State and Territorial courts, *except as provided in [Section 16] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act] (emphasis added).

Thus, state courts have concurrent jurisdiction over claims arising under the Securities Act *except* as to "covered class actions," as defined in Section 16 of the Securities Act.

8. Section 16 of the Securities Act in turn defines a "covered class action" as follows:

> [A]ny single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an

1  alleged misstatement or omission, predominate over any questions
2  affecting only individual persons or members; or . . . one or more
3  named parties seek to recover damages on a representative basis on
4  behalf of themselves and other unnamed parties similarly situated, and
5  questions of law or fact common to those persons or members of the
6  prospective class predominate over any questions affecting only
7  individual persons or members.
8  15 U.S.C. § 77p(f)(2)(A)(i)(I)-(II).
9      9.   This case unquestionably is a "covered class action" as defined by
10 Section 16 of the Securities Act: plaintiffs seek to recover damages on behalf of
11 themselves and others similarly situated in the proposed Class, and "believe that
12 there are hundreds or thousands of members in the proposed Class."
13 Complaint ¶ 38.  Plaintiffs assert that "common questions of law and fact exist as
14 to all members of the Class and predominate over any questions solely affecting
15 individual members of the Class."  *Id.* ¶ 41.
16     10.  Thus, because this case is a "covered class action" as defined in
17 Section 16 of the Securities Act, the state court does not have concurrent
18 jurisdiction under Section 22(a).
19     11.  In addition, this case is not subject to the anti-removal provision of the
20 Securities Act because it is a "covered class action" that concerns "covered
21 securities."  Section 22(a) of the Securities Act contains the anti-removal
22 provision, and provides:
23   *Except as provided in [Section 16(c)] of this title*, no case arising
24   under [the Securities Act] and brought in any State court of competent
25   jurisdiction shall be removed to any court of the United States.
26 15 U.S.C. § 77v(a) (emphasis added).
27
28

NOTICE OF REMOVAL,                          -3-
CASE NO.:  2:15-CV-06270

1   12.   The exception referred to in Section 16(c) states:

> Any *covered class action* brought in any State court involving a *covered security*, as set forth in subsection (b) of this section, *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section.

15 U.S.C. § 77p(c) (emphasis added).

13.   As shown above, this case is a "covered class action." And there can be no dispute that the TrueCar securities at issue are "covered securities" because they are traded on NASDAQ, a national securities exchange. 15 U.S.C. § 77r(b)(1). Thus, this case is not subject to the anti-removal provisions of the Securities Act and "shall be removable" to this Court.

### Procedural Requirements

14.   Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of the receipt by the TrueCar defendants of a copy of the Complaint.

15.   The TrueCar Defendants are authorized to state that all named defendants concur in, and consent to, the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

16.   Pursuant to 28 U.S.C. § 1446(d), the TrueCar Defendants will promptly serve a copy of this Notice on counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court of the State of California, County of Los Angeles.

1  Dated: August 18, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Jerome F. Birn, Jr.
　　　Jerome F. Birn, Jr.

*Attorneys for Defendants TrueCar, Inc., Scott Painter, Michael Guthrie, Abhishek Agrawal, Todd Bradley, Robert Buce, Christopher Claus, Steven Dietz, Thomas Gibson, John Krafcik, John Pierantoni, and Ion Yadigaroglu*